PATRICK E. BREEN (BAR NO. 81579)
VINCENT M. COSCINO (BAR NO. 122086)
ROBERT R. BARNES (BAR NO. 144881)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: bbarnes@allenmatkins.com

Attorneys for NNN 1818 Market Street 1 LLC, *et al.*,
Parties in Interest

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NNN 1818 MARKET STREET 16, LLC,<br><br>Debtor. | Case No. 2:15-bk-10111-TD<br><br>Chapter 11<br><br>Jointly Administered With:<br>2:15-bk-10317-TD<br>2:15-bk-10121-TD |
| In re<br><br>NNN 1818 MARKET STREET 21, LLC,<br><br>Debtor. | JOINDER OF CERTAIN CO-TENANTS IN MOTION TO DISMISS CHAPTER 11 CASES |
| In re<br><br>NNN 1818 MARKET STREET 37, LLC,<br><br>Debtor. | Date: February 25, 2015<br>Time: 2:00 p.m.<br>Dept: Courtroom 1345<br>Judge: Hon. Thomas B. Donovan |
| **XX** **Affects All Debtors**<br>___ Affects<br>___ Affects<br>___ Affects | |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

827242.01/SD

NNN 1818 Market Street 1, LLC, *et al.*[1] (the "Joining Parties") join the motion to dismiss these three chapter 11 cases that was filed by Daymark Properties Realty, Inc., D.I. 39. The chapter 11 cases were commenced in bad faith, solely to delay pending litigation, and serve no legitimate reorganization purpose. The cases represent an abuse of this Court's equity jurisdiction and should be dismissed.

*Interest of the Joining Parties*. The Joining Parties are fourteen LLCs, each of which owns a co-tenancy, or "tenancy-in-common," interest in real estate, an office building in Philadelphia. The Joining Parties own roughly 39% of those interests; by contrast, the three debtors together own less than 12% The debtors schedule each of the Joining Parties, along with each of the other TICs, as a creditor holding an unsecured claim, "subject to setoff," unliquidated and disputed, against each debtor. See, e.g., for debtor NNN 1818 Market Street 16, LLC, Schedule F, D.I. 43, filed Jan. 28, 2015, commencing at 15.

The Joining Parties are parties to a Tenants in Common Agreement. See Declaration of Todd Mikles filed in support the motion to dismiss, D.I. 40-2, at 22, Exh. B.[2] The debtors claim to be parties to that TIC agreement as well. Under the terms of the documents governing the loan that encumbers the office building, each TIC, including each Joining Party, is *jointly and severally* liable for the full loan amount. The debtors address this on their schedules by allocating the entire loan amount among the TICs according to the percentage ownership. See, e.g., for debtor 16, Schedule D, D.I. 43, filed Jan. 28, 2015, at 9.

As discussed in the debtors' notice of removal commencing Adv. Proc. 15-ap-01012 and the Joining Parties' memorandum in support of remand, which is being filed today

---

[1] This statement is filed on behalf of the following parties, each of whose name is in the form "NNN 1818 Market Street __, LLC": 1, 2, 9, 10, 11, 14, 15, 20, 23, 24, 25, 26, 30, and 35.

[2] The Joining Parties ask the Court to take judicial notice of the documents filed in the chapter 11 cases, including the Daymark motion to dismiss and supporting evidence, and in the three removed state-court actions. Fed. R. Evid. 201. Of course, judicial notice may or may not establish the truth of the matters set forth in a document as to which the Court takes judicial notice.

along with this joinder, the Joining Parties commenced a lawsuit in state court in October 2014 against the three debtors and several nondebtors parties, defendants who claimed to own the three debtors and to be parties to the TIC agreement.

*Joinder*. The Joining Parties join in Daymark's motion to dismiss these cases under section 1112 of the Bankruptcy Code and adopt the legal arguments and evidence submitted in support of that motion. Like Daymark, the Joining Parties believes that the chapter 11 cases were commenced in bad faith and without a legitimate reorganization purpose. Most of the steps that this Court would take — value the debtors' assets, restructure the debt or sell the assets, sort out claims back and forth — are already well under way in state court, or in Daymark's situation, arbitration, and can be fairly decided implemented by tribunals that, unlike this Court, can provide complete adjudication as to all parties and all claims, including state-law claims *by* the debtors and state-law claims between one group of nondebtors and another group of nondebtors.

*Unique concerns of the Joining Parties*. The Joining Parties noted above that the TICs are jointly and severally liable under the loan documents. On January 30, 2015, after Daymark filed its motion to dismiss, the attorneys for the "Note A noteholder" sent a letter to the debtors (through counsel) and the other TICs, including the Joining Parties, reminding the parties that the entire loan, and not simply the portion allocable to the debtors (if such "allocation" is permissible) is, as a result of the chapter 11 petitions, in default. See the letter from Meagan E. Leary attached to this memorandum as Exhibit 1.

*The debtors did not authorize the filing of these petitions; that unauthorized act alone is grounds for dismissal*. As that letter illustrates, each TIC, as an owner (and not just as a creditor), is dramatically affected by a bankruptcy case commenced by any other owner. Each TIC had the protection of the provision in the LLC agreements that no TIC could file a bankruptcy petition unless the petition had been affirmatively approved by that TIC's independent manager. As Daymark's papers show, the independent manager did not authorize the actions of any of the LLCs.

1   Whether a non-individual entity has authority to file a petition is a question of *state*
2   law. As long ago as 1945, the Supreme Court recognized this principle with respect to a
3   corporation. *Price v. Gurney*, 324 U.S. 100, 106-07 (1945) ("The District Court in passing
4   on petitions filed by corporations under Chapter X must of course determine whether they
5   are filed by those who have authority so to act.  In absence of federal incorporation, that
6   authority finds its source in local law."  "[N]owhere is there any indication that Congress
7   bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not
8   have the authority to speak for the corporation as a matter of local law are entitled to be
9   given such authority and therefore should be empowered to file a petition on behalf of the
10  corporation."); see also *In re Phillips*, 966 F.2d 926, 934 (5th Cir. 1992) ("For many years,
11  courts have consistently looked to state law to determine whether a person has authority to
12  file a voluntary petition on behalf of a corporation.").

13  Although limited liability companies were invented more recently, the courts have
14  confirmed that the same rule — state law controls — applies to limited liability companies.
15  See, e.g., *DB Capital Holdings, LLC v. Aspen HH Ventures, LLC*, BAP No. CO-10-046,
16  2010 WL 4925811 (B.A.P. 10th Cir.) Dec. 6, 2010) ("Bankruptcy courts must look to state
17  law to determine who has authority to commence a bankruptcy case on behalf of a limited
18  liability company ('LLC') organized pursuant to state law."); *In re Orchard at Hansen
19  Park, LLC*, 347 B.R. 822, 826-27 (Bankr. N.D. Tex. 2006) (looking to state law and the
20  LLC's operating agreement to determine that an LLC's bankruptcy petition was not
21  properly authorized); *In re A-Z Elecs., LLC*, 350 B.R. 886, 889-90 (Bankr. D. Id. 2006)
22  (looking to state law to determine who was authorized to file the LLC's bankruptcy
23  petition); *In re Green Power Kenansville, LLC*, No. 04-08384-8-JRL, 2004 WL 5413067,
24  at *3-4 (Bankr. E.D.N.C. Nov. 18, 2004) (in granting a motion to dismiss, court looked to
25  state law and the LLC's operating agreement to determine that an LLC's bankruptcy
26  petition was not properly authorized); *In re J&J Prop. Holdings, LLC*, No. 03-34667, 2004
27  WL 4040542, at *1-2 (Bankr. N.D. Ga. Jan. 20, 2004) (in granting a motion to dismiss,
28  court looked to provisions of an LLC's operating agreement to determine that an LLC's

bankruptcy petition was not properly authorized); *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, 380 (Bankr. D. Ore. 2003) (stating that "whether a business entity properly is authorized to file a bankruptcy petition is a matter determined under state law" and examining Oregon state law and the operating agreement of an Oregon LLC in considering whether its bankruptcy petition was properly authorized).

The law is clear: state law and the terms of the organizational documents govern the requirements for the valid action of a corporation or LLC. The facts here are equally clear: the LLC's themselves did not authorize the filing of these petitions in accordance with the LLC agreements. The remedy is clear: dismissal.

Dated: February 4, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:  /s/ Robert Barnes
ROBERT R. BARNES
Attorneys for NNN 1818
Market Street 1 LLC, *et al.*,[3]
Parties in Interest

---

[3] This document is filed on behalf of the following parties, each of whose name is in the form "NNN 1818 Market Street __, LLC": 1, 2, 9, 10, 11, 14, 15, 20, 23, 24, 25, 26, 30, and 35.

# EXHIBIT 1

Exhibit 1
Page 5

| | | |
|---|---|---|
| NEW YORK<br>LONDON<br>SINGAPORE<br>PHILADELPHIA<br>CHICAGO<br>WASHINGTON, DC<br>SAN FRANCISCO<br>SILICON VALLEY<br>SAN DIEGO<br>BOSTON<br>HOUSTON<br>LOS ANGELES<br>HANOI<br>HO CHI MINH CITY<br>ATLANTA | **DuaneMorris®**<br><br>*FIRM and AFFILIATE OFFICES*<br><br>MEAGEN E. LEARY<br>DIRECT DIAL: +1 415 957 3230<br>PERSONAL FAX: +1 415 520 0291<br>E-MAIL: meleary@duanemorris.com<br><br>www.duanemorris.com | BALTIMORE<br>WILMINGTON<br>MIAMI<br>BOCA RATON<br>PITTSBURGH<br>NEWARK<br>LAS VEGAS<br>CHERRY HILL<br>LAKE TAHOE<br>MYANMAR<br>OMAN<br>*A GCC REPRESENTATIVE OFFICE*<br>*OF DUANE MORRIS*<br><br>MEXICO CITY<br>ALLIANCE WITH<br>MIRANDA & ESTAVILLO |

January 30, 2015

VIA FEDERAL EXPRESS

NNN 1818 MARKET STREET, LLC           Triple Net Properties, LLC
AND ADDITIONAL BORROWERS               1551 N. Tustin Avenue, Suite 200
LISTED ON EXHIBIT A                    Santa Ana, CA  92705
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904

    Re:    **Notice of Default**: Loan ("Loan") made to NNN 1818 Market Street, LLC, NNN 1818 Market Street 1, LLC, NNN 1818 Market Street 2, LLC, NNN 1818 Market Street 3, LLC, NNN 1818 Market Street 4, LLC, NNN 1818 Market Street 5, LLC, NNN 1818 Market Street 6, LLC, NNN 1818 Market Street 7, LLC, NNN 1818 Market Street 8, LLC, NNN 1818 Market Street 9, LLC, NNN 1818 Market Street 10, LLC, NNN 1818 Market Street 11, LLC, NNN 1818 Market Street 13, LLC, NNN 1818 Market Street 14, LLC, NNN 1818 Market Street 15, LLC, NNN 1818 Market Street 17, LLC, NNN 1818 Market Street 18, LLC, NNN 1818 Market Street 20, LLC, NNN 1818 Market Street 22, LLC, NNN 1818 Market Street 23, LLC, NNN 1818 Market Street 24, LLC, NNN 1818 Market Street 25, LLC, NNN 1818 Market Street 26, LLC; NNN 1818 Market Street 27, LLC; NNN 1818 Market Street 28, LLC; NNN 1818 Market Street 29, LLC; NNN 1818 Market Street 30, LLC; NNN 1818 Market Street 31, LLC; NNN 1818 Market Street 34, LLC; NNN 1818 Market Street 35, LLC; NNN 1818 Market Street 36, LLC; NNN 1818 Market Street 38, LLC  ("Borrower"), evidenced by a note in the original principal amount of $122,000,000.00, dated February 21, 2006 ("Note A"), and $10,000,000.00, dated February 21, 2006 ("Note B"), held by U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass Through Certificates, Series 2006-C24 ("Lender") and specially serviced by LNR Partners, LLC ("Special Servicer" and together with Lender, "Lender Parties"), and secured by a mortgage or deed of trust ("Mortgage") of property known as 1818 Market Street, located at 1818

DUANE MORRIS LLP

SPEAR TOWER, ONE MARKET PLAZA, SUITE 2200                                    PHONE: +1 415 957 3000    FAX: +1 415 957 3001
SAN FRANCISCO, CA  94105-1127
DM3\3155514.1 R1940/00529

Exhibit 1
Page 6

DuaneMorris

NNN 1818 Market Street, LLC
January 30, 2015
Page 2

      Market Street, Philadelphia, PA 19103 ("Property"), and certain other documents
      (collectively, "Loan Documents")
      Loan No.: M502854351

Dear NNN 1818 Market Street, LLC; NNN 1818 Market Street 1, LLC; NNN 1818 Market Street 2, LLC; NNN 1818 Market Street 3, LLC; NNN 1818 Market Street 4, LLC; NNN 1818 Market Street 5, LLC; NNN 1818 Market Street 6, LLC; NNN 1818 Market Street 7, LLC; NNN 1818 Market Street 8, LLC; NNN 1818 Market Street 9, LLC; NNN 1818 Market Street 10, LLC; NNN 1818 Market Street 11, LLC; NNN 1818 Market Street 13, LLC; NNN 1818 Market Street 14, LLC; NNN 1818 Market Street 15, LLC; NNN 1818 Market Street 17, LLC; NNN 1818 Market Street 18, LLC; NNN 1818 Market Street 20, LLC; NNN 1818 Market Street 22, LLC; NNN 1818 Market Street 23, LLC; NNN 1818 Market Street 24, LLC; NNN 1818 Market Street 25, LLC; NNN 1818 Market Street 26, LLC; NNN 1818 Market Street 27, LLC; NNN 1818 Market Street 28, LLC; NNN 1818 Market Street 29, LLC; NNN 1818 Market Street 30, LLC; NNN 1818 Market Street 31, LLC; NNN 1818 Market Street 34, LLC; NNN 1818 Market Street 35, LLC; NNN 1818 Market Street 36, LLC; NNN 1818 Market Street 38, LLC:

      Our law firm represents the Lender Parties in connection with the above-referenced Loan and Loan Documents. Capitalized terms used but not defined herein shall have the respective meanings given to them in the Loan Documents.

      This letter shall serve as notice that Borrower is in default of the Loan Documents due to the filing of voluntary bankruptcy petitions by NNN 1818 Market Street 16, LLC, NNN 1818 Market Street 21, LLC, and NNN 1818 Market Street 37, LLC in violation of Paragraph 4.1(g) of the Deed of Trust.

      Without waiving or affecting any provision of any Loan Document that does not require Lender to give Borrower notice of default or any other notice, we hereby notify you, on behalf of Lender, that Lender will not accept any such noncompliance and that Lender insists on, and intends to enforce, the strict and timely compliance by Borrower with all of Borrower's agreements and obligations under the Loan Documents, including, without limitation, those described above. Lender Parties will take all such actions as they deem appropriate to protect its interest in the Loan and to collect the debt thereunder. In the event any actions to protect its interest in the Loan are taken, Lender Parties will also seek to recover their additional costs and expenses, including attorney's fees and court costs, incurred in any such efforts.

      Neither this letter, any discussions by Lender or Special Servicer with Borrower or its representatives, nor Lender's acceptance of payment of less than the full amount due and payable under the Loan Documents, constitutes (a) a waiver by Lender or Special Servicer of any default by Borrower under the Loan Documents, whether or not referred to herein or in any prior notice of default, (b) an election of remedies by Special Servicer or Lender, each of which reserves all rights and remedies under law and under the Loan Documents, (c) a waiver, modification, relinquishment or forbearance by Lender or Special Servicer of any right or remedy under the

DuaneMorris

NNN 1818 Market Street, LLC
January 30, 2015
Page 3

Loan Documents or under law, all of which are reserved by Lender and Special Servicer, or (d) a reinstatement of the Loan.

No modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Lender or Special Servicer unless and until Lender and Borrower have reached agreement on all issues, and such entire agreement shall have been reduced to a written document that expressly states that it modifies the Loan Documents and is duly executed by Lender, Borrower and any guarantor of the Loan. Oral agreements, emails, memoranda of meetings, summaries of proposed terms, etc., shall have no effect whatsoever and shall not be binding on Lender Parties.

Very truly yours,

Meagen E. Leary

**ATTENTION TO ANY DEBTOR IN BANKRUPTCY OR ANY DEBTOR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY OR WHO MAY HAVE PAID OR SETTLED, OR OTHERWISE NOT BE OBLIGATED UNDER, THE LOAN**: Please be advised that this letter constitutes neither a demand for payment of the Loan nor a notice of personal liability to nor action against any recipient hereof who might have received a discharge of the Loan in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code, or who has paid or settled or is otherwise not obligated by law for the Loan.

cc:  NNN 1818 Market Street, LLC
     1818 Market Street, Suite 1120
     Philadelphia, PA  19103

     Michael D. Breslauer, Esq.
     Solomon Ward Seidenwurm & Smith
     401 B Street, Suite 1200
     San Diego, CA  92101

     Attorneys for NNN 1818 Market Street 16, LLC,
     NNN 1818 Market Street 21, LLC, and
     NNN 1818 Market Street 37, LLC

DuaneMorris

NNN 1818 Market Street, LLC
January 30, 2015
Page 4

# EXHIBIT A
## Tenant in Common

NNN 1818 Market Street, LLC
NNN 1818 Market Street 1, LLC
NNN 1818 Market Street 2, LLC
NNN 1818 Market Street 3, LLC
NNN 1818 Market Street 4, LLC
NNN 1818 Market Street 5, LLC
NNN 1818 Market Street 6, LLC
NNN 1818 Market Street 7, LLC
NNN 1818 Market Street 8, LLC
NNN 1818 Market Street 9, LLC
NNN 1818 Market Street 10, LLC
NNN 1818 Market Street 11, LLC
NNN 1818 Market Street 13, LLC
NNN 1818 Market Street 14, LLC
NNN 1818 Market Street 15, LLC
NNN 1818 Market Street 17, LLC
NNN 1818 Market Street 18, LLC
NNN 1818 Market Street 20, LLC
NNN 1818 Market Street 22, LLC
NNN 1818 Market Street 23, LLC
NNN 1818 Market Street 24, LLC
NNN 1818 Market Street 25, LLC
NNN 1818 Market Street 26, LLC
NNN 1818 Market Street 27, LLC
NNN 1818 Market Street 28, LLC
NNN 1818 Market Street 29, LLC
NNN 1818 Market Street 30, LLC
NNN 1818 Market Street 31, LLC
NNN 1818 Market Street 34, LLC
NNN 1818 Market Street 35, LLC
NNN 1818 Market Street 36, LLC
NNN 1818 Market Street 38, LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

501 West Broadway, 15th Floor, San Diego, California 92101

A true and correct copy of the foregoing document entitled: (*specify*): **JOINDER OF CERTAIN CO-TENANTS IN MOTION TO DISMISS CHAPTER 11 CASES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 4, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael D Breslauer - mbreslauer@swsslaw.com; wyones@swsslaw.com
- Marcus Colabianchi - mcolabianchi@duanemorris.com
- Peter L Duncan - peterd@psdslaw.com; theresam@psdslaw.com
- Queenie K Ng - queenie.k.ng@usdoj.gov
- John L. Smaha - jsmaha@smaha.com; jteague@smaha.com; gbravo@smaha.com
- Kelly Ann M Tran - ktran@mulvaneybarry.com; nrafiei@mulvaneybarry.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 5, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Bin Outside of Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2015 | Robert R. Barnes | /s/ Robert R. Barnes |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**